IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY RODDEN | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-238 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Anthony Rodden, a prisoner confined at the Federal Prison Camp in Beaumont, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent filed a Motion to Dismiss the Petition (doc. #4), arguing that the Petition is now moot. Petitioner has filed a Response to the Motion to Dismiss (doc. #5). This Report and Recommendation considers the merits of the Motion to Dismiss, the Response, Respondent's Reply (doc. #6), and Petitioner's Sur-Reply (doc. #7).

The Petition

Petitioner filed this Petition claiming that the Bureau of Prisons failed to credit him with Earned Time Credit under the First Step Act of 2018, which might delay his release to a residential reentry center or to home confinement. Petitioner contends that he should be credited with fifteen days of Earned Time Credit for every thirty days he participated in Evidence Based Recidivism Reduction Programming and Productive Activities.

Analysis

Respondent contends the Petition is now moot because the Bureau of Prisons recently updated Petitioner's sentence calculation to award him twelve months of Earned Time Credits under the First Step Act. Petitioner argues that the Petition is not moot because the First Step Act allows inmates who are low risk of recidivism to earn a maximum of fifteen days of time credit for every thirty days of program participation, and Petitioner was only granted ten days of credit for every thirty days of participation.

The United States Constitution prohibits federal courts from issuing advisory opinions. *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). Article III of the Constitution requires that federal courts hear only cases or controversies. U.S. CONST. art. III, § 2. A moot case does not present a case or controversy when there are no longer adverse parties with sufficient legal interests to maintain the litigation. *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006).

Although he received twelve months of credit after the Bureau of Prisons' recent review, Petitioner contends that he is entitled to an addition ten and a half months of Earned Time Credit. Because Petitioner has not received the full relief he requested, or that is available to him as an inmate who is at low risk of recidivism, this Petition is not moot.

Recommendation

Respondent's Motion to Dismiss should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 22nd day of December, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE